■ In the Matter of AMPARO L. FINHOLM, Petitioner, v. STATE DIVISION OF HUMAN RIGHTS, Respondents.— Determination of the State Human Rights Appeal Board, dated September 17, 1974, unanimously confirmed, without costs and without disbursements, and the petition dismissed. Cross motion to dismiss the petition on the ground that this court has not acquired jurisdiction unanimously denied. No opinion. Concur — McGivern, P. J., Markewich, Kupferman, Capozzoli and Lane, JJ.

■ In the Matter of PHILIP PITISANT, Petitioner, v. STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Petition for an order, pursuant to section 298 of the Executive Law, to set aside the determination of the State Human Rights Appeal Board dated August 2, 1974, unanimously dismissed as untimely, without costs and without disbursements. If we were not dismissing, we would confirm on the merits. No opinion. Concur — McGivern, P. J., Markewich, Kupferman, Capozzoli and Lane, JJ.

■ SUSAN SILVER, Respondent, v. WILLIAM SILVER, Appellant.— Order, Family Court, New York County, dated October 1, 1974, which awarded petitioner counsel fees in the sum of $2,500 for services rendered in connection with an application for a modfication of the provisions of a Mexican divorce decree, the appeal from an order dismissing the petition (45 A D 2d 110), and on the appeal now pending in the Court of Appeals from our said order, unanimously modified, on the law and the facts, to the extent of reducing the award to $1,850, and, as so modified, the order is affirmed, without costs and without disbursements. Upon the record before us, giving due consideration to all the relevant circumstances, the award of counsel fees was excessive and should be reduced to the extent indicated herein. Moreover, the reduced award should be deemed to cover the services rendered on the instant appeal. Order, Family Court, New York County, dated November 1, 1974, awarding petitioner an additional counsel fee of $2,500 to defend the appeal by respondent-appellant from an order granting petitioner counsel fees in a proceeding to modify a Mexican divorce decree, unanimously reversed, on the law and the facts, and the application denied, without costs and without disbursements. Apart from the fact that the counsel fee awarded in the order, herein appealed from, is unduly excessive, we find that there is no warrant for allowing any additional fee in view of the meritorious nature of the appeal by respondent-appellant from the order of Guerreiro, J., decided simultaneously herewith. Concur — McGivern, P. J., Markewich, Kupferman, Capozzoli and Lane, JJ.